Battle, J.
 

 The defendants except to the principle by Avliich the Master arrived at his result, in charging them: with rent for the" shingles, staves and ton timber, which they got upon the swamp lands of the plaintiffs. Upon this-subject two witnesses were examined for the plaintiffs, and one for the defendants, of whom one for tlio plaintiffs, Mr. Moore, estimated the rent higher than the other two, whose estimates were the same. The Master took the average of the three, which is objected to by the defendants, as being
 
 *23
 
 ■wrong in principle, and they insist that the weight of the testimony ought to hare induced the Master to adopt the lower estimate.
 

 This objection we must decide to bo#unfounded, so far as the principle is concerned, upon the authority of the case of Morrison v. McLeod, 2 Ircd. Eq. Rep. 108. There, Ruffin, Chief Justice, says: “ The Master’s mode of taking an average cannot be said, we thinly to be wrong in every case, as was argued; although it may not be right in every case. It is not liable to the objection urged against it, of being within the principle upon which verdicts have been set aside, where each juror fixed a sum, and the aggregate was divided among their number, and the quotient taken for the damages. Eor it is the duty of each juror to assess such damages, as the evidence demands of his conscience and understanding, and neither more nor less, except so far as his mind may be influenced by the reasoning of his fellows. That, however, is very different from the considerations which may justly influence a juror or a Master in weighing evidence. Eor, suppose any number of witnesses with equai intelligence and integrity, and equal opportunities of knowing or judging, (as far as can be discovered,) to appear before a jury to depose to the value of a thing, or to the amount of damages, and to give two different estimates, Iioav can a decision he made without splitting the difference between them ? When there is an equal probability that the one is as much too low, as the other is too high, is it not safe and reasonable to take the middle point between them ? Eor it is.never to he acted on unless there bo quite an equality of credit to be given to each witness in every respect. If there he any means of discriminating between them, then the actual weight of each must govern.” It seems then, that the master did not err in the principle which he adopted. Did he err in not making a proper discrimination between the witnesses? We think not.
 
 *24
 
 Mr. Moore, whose estimates were the highest, had a better opportunity of forming a correct judgment than Mr. Pippin, and full as good as Mr. Watts : in one respect, he had the advantage of both, a^he bought a portion of the shingles got by the defendants, and he seems to have been better acquainted with the prices of all the articles in 1848, than they, for they speak principally
 
 of
 
 prices in 1847, without professing to know what they were in 1848, except that they were somewhat higher than they were the year previous. We cannot, then, say that the opinions of Messrs. Watts and Pipj>in are more to be relied on than that of the other witness, and we must therefore sustain the decision of the Master, and overrule the defendants’ first exception thereto. The second exception being dependent on the first, must necessarily fall with it. There being no other exception on cither side, the report is in all respects confirmed.
 

 Decree for plaintiffs.